440 So.2d 1316 (1983)
Stacy RUSTIA, Appellant,
v.
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, and Jose C. Rodriguez, Appellees.
No. 83-81.
District Court of Appeal of Florida, Third District.
November 1, 1983.
Rehearing Denied December 9, 1983.
S. Peter Capua, Miami and Paul W. Humbert, Miami Beach, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Miami and Richard A. Sherman, Fort Lauderdale, for appellees.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The trial court entered summary judgment for Prudential on a showing that the insured had breached the insurance contract by failing to cooperate with his insurer. That summary judgment was improper, even in light of Ramos v. Northwestern Mutual Insurance Co., 336 So.2d 71 (Fla. 1976), which holds that failure of an insured to cooperate with his insurer will release the insurer from liability if the failure constitutes *1317 material breach and substantially prejudices the rights of the insurer in defense of the cause. Ramos further holds that the question of whether a failure to cooperate is so substantially prejudicial as to release an insurer from its obligation is ordinarily a question of fact, but under some circumstances, particularly where the facts are admitted, it may be a question of law.
In Ramos, a case which was tried non-jury on the issue of coverage, the trial court made extensive findings of crucial facts, not the least of which were (1) the accident occurred on November 28, 1969, and the action was not initiated until August 9, 1971, (2) actual process was never made upon the insured notwithstanding valiant and persistent efforts by the plaintiff's counsel to locate the insured, (3) the insurer received no notice of the accident from its insured and the insured failed to report the accident, (4) plaintiff's counsel first notified the insurer of the accident over a month after it had occurred, and (5) the insured was concealing his whereabouts and was attempting to avoid service of process. Further, all the facts found by the court supported its determination that the breach was material and substantially prejudiced the insurer.
Ramos also holds clearly that not every failure by the insured to cooperate with his insurer will release the insurer from liability. Thus, even if there is evidence that the insured failed to cooperate, there is still an issue of fact as to whether the failure was so substantially prejudicial that release of the insurer is appropriate.
Turning to the record before us, we find a judgment in favor of the insurer which makes no findings of fact. There are no interrogatories or depositions, even of known witnesses. The single affidavit filed in support of the motion for summary judgment contains the sworn statement of the insurer's agent that the insured cannot be located. The agent concludes further that the insurer has been unable to prepare a defense. On the other hand, there is no evidence that the insurer has attempted to contact, interview, or depose any of the twelve witnesses listed in the parties' pretrial catalogs. Also, unlike in Ramos, when this action was commenced actual service of process was made upon the insured, and it cannot be conclusively presumed that the insured will not appear for trial.
In this case, the insurer has not demonstrated that as a matter of law, it has been substantially prejudiced due to its insured's failure to cooperate. Summary judgment was inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed and remanded.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would affirm the final summary judgment appealed from in all respects.
It is plain from this record that the insured Jose C. Rodriguez has totally disappeared from this country without a trace, that extensive investigation has revealed that the said insured and his family left Miami for Santo Domingo, Dominican Republic several years ago without leaving a forwarding address and without notice to the insurer, that the cause has twice been continued for trial below due to the insured's failure to appear, that the insured has been unavailable for trial or deposition or consultation with insurer's counsel, and that the insured's presence is essential to the insurer so as to resolve a substantial question of insurance coverage which has been raised in this case. I think that under the circumstances this total disappearance of the insured from the cause is a prima facie showing that the insured has breached the cooperation clause of the insurance contract herein to the substantial prejudice of the insurer, and, that, accordingly, the absentee insured herein is not entitled to insurance coverage in this cause. Ramos v. Northwestern Mutual Insurance Co., 336 So.2d 71 (Fla. 1976).
The court, however, holds that this total disappearance of the insured from the cause has not been adequately shown on this record and that, in any event, it is not clear *1318 that the insurer needs the insured's presence for anything important in the case which it could not obtain from other sources. I would have thought that under the circumstances the insured's disappearance and consequent prejudice to the insurer were obvious on this record, but the court in an overabundance of caution has taken a different view. Presumably, the insurer upon remand may adduce additional evidence to establish what seems already patently obvious, namely, that the insured has totally disappeared from this cause and cannot be located by anyone for trial, deposition or otherwise, and that the insured's presence is essential to the insurer's defense of this case. I think it unnecessary under the law to adduce such cumulative evidence, but presumably the insurer by today's decision may do so upon remand and, in so doing, may yet earn the summary judgment to which I think it is already entitled under the law.