PER CURIAM.
The defendant in a product liability action appeals from a final summary judgment entered in favor of its excess insurance carrier. We affirm.
Dennis Alderman sued Figgie International, now known as Scott Technologies, Inc., after a fall from a scaffold manufactured by Figgie rendered him a quadriplegic. Because of willful and blatant discovery violations by Figgie, including the intentional destruction of relevant documents, the trial court struck Figgie’s pleadings and entered a default judgment on liability. This court affirmed, adopting the trial court’s order as its opinion. See Figgie Int’l, Inc. v. Alderman, 698 So.2d 563 (Fla. 3d DCA 1997). On the eve of the damages trial, the parties settled for twenty-two million dollars.
Reliance then sued Figgie, seeking a declaratory judgment that it was not obligated to provide coverage for that settlement; Figgie counterclaimed for bad faith denial of its insurance claim. The case was heard by Judge Goldman, the same judge who had entered the default judgment. The court granted the insurance *1137 company’s motion for summary judgment, finding that Reliance had no duty to provide coverage for the multimillion-dollar settlement, and dismissed Figgie’s counterclaim.
In affirming the trial court’s final order of summary judgment on the issue of coverage, we need look no further than Judge Goldman’s meticulous recitation of Figgie’s many willful discovery violations, and his observation that “[I]n the more than thirty-five years that the Court has been on the bench and engaged in the practice of law, the facts of the present case present the most egregious case of discovery abuse this court has ever seen.” Figgie Int’l, 698 So.2d 563, 564. When Figgie’s intentional discovery fraud caused the entry of the default judgment on liability, Figgie breached its duty of cooperation as a matter of law. See Ramos v. Northwestern Mut. Ins. Co., 336 So.2d 71 (Fla.1976); Rustia v. Prudential Property & Cas. Ins. Co., 440 So.2d 1316 (Fla. 3d DCA 1983).[1] In breaching its duty to cooperate, Figgie forfeited any right to coverage that may have existed under its policy with Reliance.
AFFIRMED.

. There is no indication anywhere in the record that Reliance played any role in the discovery abuses, or was even aware of them until well after the default judgment was entered.